The Honorable Robert S. Lasnik
Oral Argument Requested

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUCRETIA JAMES,<br><br>Defendant. | 2:08-cr-00244-RLS-3<br><br>CBC'S MOTION TO INTERVENE AND UNSEAL SENTENCING RECORDS FOR LUCRETIA JAMES<br><br>Note on Motion Calendar: October 2, 2009 |

## I.   RELIEF REQUESTED

The Canadian Broadcasting Corporation ("CBC") requests that the Court allow it to intervene for the limited purpose of moving to unseal documents that the United States Attorney filed under seal in *United States v. Lucretia James*, Cause No. 2:08-cr-00244-RLS-3.[1] Pursuant to the First Amendment and common law, CBC further requests that the Court grant its motion to unseal and allow public disclosure of the plea agreement, the sentencing report and any other documents the United States Attorney filed under seal in Ms. James' case. Further, CBC respectfully requests that the Court reach a determination as quickly as possible because CBC is working on a time-sensitive story.

---

[1] CBC does not seek to unseal documents filed by Ms. James's lawyer.

CBC'S MOTION TO INTERVENE & UNSEAL — 1

DWT 13376407v2 0090291-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## II.     STATEMENT OF FACTS

Intervener CBC is Canada's national public broadcaster and one of its largest cultural institutions. CBC's English television service alone reaches more than 60 percent of Canadians across the country every week. *See* Declaration of Andrew Culbert ("Culbert Dec.") at ¶ 2. Among its programs is *the fifth estate*, a critically respected news program. During its 30-year tenure, *the fifth estate* has garnered an Oscar for best documentary, an international Emmy, dozens of Gemini Awards and the prestigious Michener Award for meritorious public service in Canadian journalism. In the past five years alone, our productions have won a Peabody, a Polk, a Dupont, a share in the Pulitzer (for collaboration with the *New York Times*). Culbert Dec. ¶ 3 Information about *the fifth estate* is attached as **Exhibit A** to the Culbert Dec.

*The fifth estate* is conducting an investigation into the life and death of Samuel Jackson Lindsay Brown, an individual who faced criminal charges in the United States District Court for the Eastern District of Washington. Mr. Brown is among the individuals arrested in connection with "Operation Blade Runner," a drug-smuggling investigation conducted by United States and Canadian law enforcement officials. The investigation has resulted in the arrest of nine individuals, and the seizure of 750 pounds of marijuana, more than 80 kilograms of cocaine, six weapons and two helicopters. Mr. Brown, a British Columbia resident, was arrested in February 2009, but on February 27, 2009, he died while at the Spokane County Jail. *See* Culbert Dec. at ¶ 4 and **Exhibit B**.

While gathering information on Brown's arrest, *the fifth estate* producer Andrew Culbert attempted to review the case file of Ms. James but learned that documents filed by the United States Attorney's Office relating to her sentencing was sealed. *See* Culbert Dec. at ¶ 5. Mr. Culbert asked the United States Attorney's Office to move to have these documents unsealed, but the office declined. *Id.* at ¶ 6.

CBC'S MOTION TO INTERVENE & UNSEAL — 2

DWT 13376407v2 0090291-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Mr. Culbert's research has led him to other criminal cases that are part of "Operation Blade Runner," which were initially sealed but are now unsealed. For instance, the case of Leonard Ferris and Ross Legge, 09-CR-18-DB, was sealed initially until the United States Attorney in Salt Lake City Utah has moved to unseal their case on the basis that "it's no longer necessary to keep the indictment sealed." *Id.* ¶ 8 and **Exhibit C**. Similarly, the case file of Samuel Lindsay Brown was unsealed after Mr. Culbert requested that the U.S. Attorneys Office support his effort to have the documents unsealed. *Id.* ¶ 9.

### III.   STATEMENT OF ISSUES

A.   Whether the CBC has the right to intervene for the purpose of accessing sealed documents in the criminal file of Ms. James.

B.   Whether the Court should unseal documents filed under seal by the United States Attorney and permit public disclosure of this part of Ms. James's criminal file.

### IV.   AUTHORITY AND ARGUMENT

**A.   Both Case Law and the First Amendment give the CBC the Right to be Heard on the Issue of Access to Records in this Case.**

Federal case law has consistently recognized that the media has a right to seek access to pretrial criminal proceedings and judicial documents. *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982); *Press Enterprise v. Superior Court*, 478 U.S. 1, 106 S. Ct. 2735, 92 L. Ed. 2d 1 (1986) ("*Press Enterprise II*"); *The Oregonian Publ'g Co. v. U. S. District Court*, 920 F.2d 1462 (9th Cir. 1990); *Seattle Times Co. v. U.S. District Court*, 845 F.2d 1513, 1515 (9th Cir. 1988); *Associated Press v. U.S. District Court*, 705 F.2d 1143, 1145 (9th Cir. 1983). Moreover, the First Amendment recognizes a "general right to inspect and copy public records and documents." *Phoenix Newspapers v. U.S. District Court*, 156 F.3d 940, 946 (9th Cir. 1998) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)). Further, "there is a strong presumption in favor of the common

CBC'S MOTION TO INTERVENE & UNSEAL — 3

DWT 13376407v2 0090291-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

law right to inspect and copy judicial records." *Phoenix Newspapers*, 156 F.3d at 946. In light of the many cases that have allowed the media to intervene for the limited purpose of challenge the sealing of criminal court files, this Court should grant the CBC's motion to intervene.

### B. The First Amendment and the Common Law Support Unsealing Ms. James's Sentencing Documents.

There is a long-standing right of access under the Constitution and the common law to criminal files, such as Ms. James's. In *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 569, 65 L. Ed. 2d 973, 100 S. Ct. 2814 (1980), the Supreme Court emphasized that a presumption of openness has "long been recognized as an indispensable attribute of an Anglo-American trial." "From this unbroken, uncontradicted history, supported by reasons as valid today as in centuries past, we are bound to conclude that a presumption of openness inheres in the very nature of a criminal trial under our system of justice." *Id.* at 573. The Supreme Court later instructed that this federal constitutional presumption of public access applies not only to trials, but also to pre-trial criminal proceedings, including those that reveal potentially prejudicial information that may be excluded at trial. *See, e.g., Press-Enterprise I*, 464 U.S. 501, 505-08; 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984); (voir dire); *Waller v. Georgia*, 467 U.S. 39, 47, 104 S. Ct. 2210, 81 L. Ed. 2d 31 (1984) (suppression hearing); *Press-Enterprise II*, 478 U.S. at 12-13 (preliminary hearing).

The First Amendment presumption of openness extends to criminal court records, as well as to proceedings. For example, in *Associated Press v. U. S. District Court*, 705 F.2d 1143, 1147 (9th Cir. 1983), the Ninth Circuit held that a blanket sealing order restricting public access to all pre-trial pleadings in the prosecution of John DeLorean was unconstitutional because it violated the "presumption of openness that characterizes criminal proceedings under our system of justice." The Court explained: "There is no reason to distinguish between pretrial proceedings and the documents filed in regard to them." *Id.* at 1145. As then-Judge Anthony Kennedy reiterated, there is a constitutional

CBC'S MOTION TO INTERVENE & UNSEAL — 4

DWT 13376407v2 0090291-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

"presumption that the public and the press have a right of access to criminal proceedings and the documents filed therein." *CBS, Inc. v. District Court*, 765 F.2d 823, 825 (9th Cir. 1985) ("*CBS II*").

Applying these principles, the Ninth Circuit has held that the public's and the press' right of access attaches to a variety of post-indictment documents filed before or after trial. *See, e.g., In re McClatchy Newspapers, Inc.*, 288 F.3d 369, 371 (9th Cir. 2002) (issuing writ of mandamus and ordering district court to "unseal, without redaction, two proffer letters offered … in connection with [convict's] motion to reduce his criminal sentence"); *CBS II*, 765 F.2d at 825 (post-trial proceedings and records); *Oregonian Publ'g Co. v. U.S. District Court*, 920 F.2d 1462, 1467 (9th Cir. 1990) (plea agreements); *Valley Broadcasting Co. v. District Court*, 798 F.2d 1289, 1292-1293 (9th Cir. 1986) (trial exhibits). *See also In re Charlotte Observer*, 882 F.2d 850, 855 (4th Cir. 1989) (overruling order sealing criminal defendant's motion to change venue).

Public access to court records serves an important policy by allowing the public to participate in and serve as a check upon the judicial process. *Globe Newspaper*, 457 U.S. at 604-06. The importance of public oversight cannot be underestimated: "Public confidence cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *Gannett Co. v. DePasquale*, 443 U.S. 368, 429, 99 S. Ct. 2898, 61 L. Ed. 2d 608 (1979) (citation omitted; Blackmun, J. concurring and dissenting).

The *Oregonian* case is particularly on point. Recognizing the expansive nature of the right to access, the Ninth Circuit held that the constitutional presumption in favor of access applies to hearings related to plea agreements and documents filed in connection with those agreements. *Oregonian Publishing Co.*, 920 F.2d at 1466. As Judge Burns explained, "Just as there exists a first amendment right of access in the context of criminal

CBC'S MOTION TO INTERVENE & UNSEAL — 5

DWT 13376407v2 0090291-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

trials, <u>it should exist in the context of the means by which most criminal prosecutions are resolved, the plea agreement.</u>" *Id.* at 1465 (citations omitted) (emphasis added). Without a right of access to plea agreements, Judge Burns added, "we would effectively block the public's access to a significant segment of our criminal justice system." *Id.*

Every other circuit court that has considered the issue of plea agreements has recognized that court records evidencing plea agreement records are presumed to be publicly available. *See Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1991); *United States v. Danovaro*, 877 F.2d 583, 589 (7th Cir. 1989); *United States v. Haller*, 837 F.2d 84, 87 (2d Cir. 1988); *In re Washington Post Co.*, 807 F.2d 383, 389 (4th Cir. 1986); *United States v. Kooistra*, 796 F.2d 1390, 1391 (11th Cir. 1986).

Similarly, Ms. James's Sentencing Memorandum and any supporting documentation are presumptively open to the public and the media under the First Amendment. Indeed, "[c]ourts addressing this issue consistently hold that sentencing memoranda should not be kept under seal because the documents are 'judicial records' and, absent unusual circumstances, do not contain the type of information that typically outweighs the public's right of access." *U.S. v. Taylor*, 2008 WL 161900, *1 (S.D. W.Va., Jan. 15, 2008).

In addition to the First Amendment right of access, the public and media have a common-law right of access to judicial records and documents. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-598, 55 L. Ed. 2d 570, 98 S. Ct. 1306 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents"). The Ninth Circuit has reaffirmed "a strong presumption in favor of the common law right to inspect and copy judicial records." *Phoenix Newspapers*, 156 F.3d at 946. This common-law right warrants the greatest deference when the media intends "to publish information concerning the operation of government." *United States v. Schlette*, 842 F.2d 1574, 1582 (9th Cir. 1988).

CBC'S MOTION TO INTERVENE & UNSEAL — 6

DWT 13376407v2 0090291-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

The common-law right extends to sentencing documents that the media has requested to "explain[] to a concerned public the means by which sentencing decisions are made," when "no legitimate reason [exists] for preserving the secrecy" of the document. *Id.* at 1583. For example, in *Schlette*, the Ninth Circuit ordered a district court to release a pre-sentence report, psychiatric report, and post-sentence probation report because the media had demonstrated a legitimate interest in the documents, and because no legitimate reason had been articulated to justify continued secrecy. *Id.*

These holdings provide ample support for the public and the media's right of access to Ms. James's criminal files in general, and her plea agreement (Docket #20) and sentencing memorandum in particular (Docket # 30). CBC also requests access to any other documents that the United States Attorney provided to the Court but that do not appear on the docket, if any such documents exist.

### C. Proponents of Secrecy Must Satisfy a Rigorous Test for Sealing

To ensure that court records are kept secret in only the most extraordinary circumstances, the Supreme Court has set forth a rigorous test for sealing. Before any court record may be sealed, the proponent must demonstrate that "closure is essential to preserve higher values;" that those values would be prejudiced absent secrecy; that the closure is narrowly tailored; and that there are no less restrictive alternatives. *Press-Enterprise II*, 478 U.S. at 13-14. The Ninth Circuit has left no doubt that "the party seeking access is entitled to a presumption of entitlement to disclosure. It is the burden on the party seeking closure … to present facts supporting closure and to demonstrate that available alternatives will not protect his rights." *Oregonian Publishing*, 920 F.2d at 1466-1467. This is an onerous standard; consequently, any sealing order must be based on "evidentiary support," not on a party's mere speculation. *Id.* at 1467 (vacating sealing order because there was "no evidentiary support" for trial court's conclusion that release of plea agreement would endanger the defendant and his family, or to support conclusion that

CBC'S MOTION TO INTERVENE & UNSEAL — 7

DWT 13376407v2 0090291-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

sealing documents would "serve 'higher values' beneficial to both the government and the defendant").

Moreover, federal prosecutors must offer evidence – not just conclusory statements – of tangible harm to an investigation, especially where, as here, some information about the investigation already is public. *See, e.g., Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 570 (4th Cir. 2004) (rejecting agency's request to seal investigatory information found in court records because significant portion of the information already was public); *In re Matter of Search of 1993 Jeep Grand Cherokee*, 958 F. Supp. 205, 211 (D. Del. 1996) (unsealing warrant materials in ongoing criminal investigation that was reported in the media).

Finally, in granting a motion to seal, the Ninth Circuit has stressed that "it is vital for a court clearly to state the basis of its ruling, so as to permit appellate review of whether relevant factors were considered and given appropriate weight." *Hagestad v. Tragesser*, 49 F.3d 1430, 1435 (9th Cir.1995).

With respect to Ms. James's sealed plea agreement (Docket #20), CBC cannot tell from the docket whether a motion to seal was field and therefore cannot respond to the claimed bases. The United States Attorney's motion to seal the sentencing memorandum (Docket 29) merely stated that a seal was justified because the memo "contains sensitive information." This is insufficient. The government failed to argue – much less show – that closure is essential to preserve higher values and those values would be jeopardized if the public were given access; the closure is narrowly tailored; and there are no less restrictive alternatives. Also, the government offered <u>no</u> evidence. In light of this failure to meet the rigorous test for sealing documents, the Court should immediately unseal the plea agreement (Docket #20) and the sentencing memorandum (Docket # 30), both of which the United States Attorney filed to the Court under seal in Ms. James' case.

CBC'S MOTION TO INTERVENE & UNSEAL — 8

DWT 13376407v2 0090291-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

There is a longstanding right of access under the Constitution and the common law to criminal files, such as Ms. James's. Accordingly, this Court should grant the CBC's request to unseal the file and permit public disclosure of Ms. James's criminal records.

## V.   CONCLUSION

For the foregoing reasons, the CBC should be granted the right to intervene to protect its rights and to enforce the strong presumption of access to Court records. In addition, the Court should order that documents filed under seal by the United States Attorney be unsealed and disclosed to CBC.

DATED this 24th day of September, 2009.

       Davis Wright Tremaine LLP
       Attorneys for the Canadian Broadcasting Corporation

By _____
    Bruce E.H. Johnson, WSBA No. 7667
    Sarah K. Duran, WSBA No. 38954
    1201 Third Avenue, Suite 2200
    Seattle, WA 98101-3045
    Telephone: (206) 622-3150
                (206) 757-8035
    Fax: (206) 757-7700
    E-mail:    brucejohnson@dwt.com
                   sarahduran@att.net

CBC'S MOTION TO INTERVENE & UNSEAL — 9

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DWT 13376407v2 0090291-000001