Chief Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JEREMY SNOW, ) <br> ) <br> Defendant. ) <br> ) | NO. CR08-244 RSL <br><br> GOVERNMENT'S <br> SENTENCING RECOMMENDATION |

Comes now the United States of America, by and through Jeffrey C. Sullivan, United States Attorney for the Western District of Washington, Susan M. Roe, Assistant United States Attorney for said District, and files this pleading for the Court's use at Mr. Snow's sentencing. The government has reviewed the PreSentence Report, has no objections to the facts or calculations contained therein. The government recommends the agreed prison term of 46 months, as set out in the Plea Agreement.

*Facts*

As acknowledged in the Plea Agreement, a group of Canadian and American drug traffickers agreed to move certain controlled substances from the United States into Canada and other controlled substances, including British Columbian marijuana, from Canada into the United States in the five years leading up through March, 2009. The conspirators possessed the controlled substances with the intent to distribute the drugs to others. A DEA special agent, in an undercover capacity, was able to work with the conspirators at various times during the conspiracy.

GOVERNMENT'S SENTENCING
RECOMMENDATION/SNOW
CR08-244 RSL - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    The co-conspirators employed a variety of methods to transport the drugs.
2 Sometimes they used cars, such as in a March 2008 delivery of ecstacy pills, to bring the
3 drugs into the Western District of Washington.  Often, the co-conspirators used non-
4 commercial helicopters to fly from Canada across the international border into the
5 Northwestern United States.  The helicopters were used to transport controlled substances
6 both directions, north and south.  That is, a helicopter could bring B.C. marijuana or
7 ecstacy into the U.S. and take cocaine into Canada on its return trip.
8    From February 24 through March 5, 2009, the DEA special agent arranged to
9 receive approximately 300 pounds of B.C. marijuana in Idaho and to deliver 20 kilograms
10 of cocaine which was to be smuggled into Canada.
11    Jeremy Snow joined the conspiracy on or about March 4, 2009.  On March 5,
12 2009, as part of this conspiracy, Jeremy Snow piloted a helicopter from Canada into
13 Northern Idaho, carrying approximately 150 pounds of the 300 pound marijuana load that
14 the co-conspirators intended to deliver into the United States that day.
15    There are some additional facts not included in the Plea Agreement.  During the
16 helicopter flight, Mr. Snow used a blackberry to communicate with cohorts and friends.
17 During the actual flight, he sent a message which read "Flyen 300p over brdr right now!
18 Cha ching."  The government believes that this translates to read that he was flying a
19 helicopter with 300 pounds of marijuana over the US-Canadian border at that moment
20 and that he was expecting to be well-paid for doing so.   This message is clearer than
21 noted in the PreSentence Report.  (See PRS ¶ 23 "...messages intercepted would infer he
22 knew..." ).  The helicopter was small enough that it could not safely carry 300 pounds in
23 one load and had to be divided between two trips.
24    When Mr. Snow landed, the ground crew (composed of law enforcement)
25 unloaded the marijuana and asked Mr. Snow where he wanted the gas cans of aviation
26 fuel and the "stuff," referring to a black duffle bag which supposedly contained 20
27 kilograms of cocaine.  Mr. Snow told them to put it in all in the cockpit as agents dragged
28

GOVERNMENT'S SENTENCING
RECOMMENDATION/SNOW
CR08-244 RSL - 2

1  the bright red cans and black duffle bags across the snow field.  He was arrested shortly
2  thereafter when he stepped out of the helicopter.
3      The government does not know of any prior helicopter flights by Mr. Snow for this
4  group of smugglers.  However, Mr. Snow has a moderate criminal history and has been
5  questioned as a witness or a person of interest in an ongoing violent crime investigation in
6  Canada.  The government includes this information because Mr. Snow has been involved
7  in criminal activities and/or with those who commit crimes for some time – none of which
8  is reflected in the guideline calculations.  Further, had the defendant's criminal history
9  been in the United States, he would not have been eligible for a safety value provision.
10 The defendant has been sanctioned by the staff at the FDC for abusive language directed
11 at his girlfriend during phone calls and use of the telephone in violation of his sanctions.
12 *Terms of the Plea Agreement*
13     The parties agreed that Mr. Snow should plead guilty to the Conspiracy to import
14 the 300 pounds of marijuana and that he would not be prosecuted on cocaine charge.
15     The Plea Agreement contained guideline calculations which are the same as those
16 determined by the U.S. Probation Officer.  The defendant faces a minimum mandatory
17 term of five years, but is eligible for something less based on his safety value status.  The
18 defendant has minimally acknowledged being involved with the planned import of 300
19 pounds of marijuana and the government has given him the benefit of the doubt in
20 assessing it as a safety value proffer.
21     The defendant waived his right to appeal so long as he received a term of
22 imprisonment no longer than the guideline range determined by the Court at sentencing.
23 *Sentencing Factors*
24     The Court must also consider the factors of  Title 18, United States Code, Section
25 3553(a), including: (1) the nature and circumstances and of the offense; (2) the history
26 and characteristics of the defendant; (3) the need for the sentence to reflect the
27 seriousness of the offense, to promote respect for the law, and to provide just punishment
28 for the offense; (4) the need for the sentence to afford adequate deterrence to criminal

GOVERNMENT'S SENTENCING
RECOMMENDATION/SNOW
CR08-244 RSL - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  conduct; (5) the need for the sentence to protect the public from further crimes of the
2  defendant; (6) the need to provide the defendant with educational and vocational training,
3  medical care, or other correctional treatment in the most effective manner; (7) the kinds
4  of sentences available; (8) the need to provide restitution to victims; and (9) the need to
5  avoid unwarranted sentence disparity among defendants involved in similar conduct who
6  have similar records.
7       In consideration of the above factors, the government refers to the facts presented
8  above as to the nature of the offense, his history and characteristics.  The usual sentence
9  for this conduct is five years.[1]   The defendant's specialized training as a helicopter pilot
10 and his misuse of that training to commit crimes in our country calls out for a sentence
11 long enough  to deter others in his position.   The defendant is not in need of care or
12 training in prison and no alternative to imprisonment is available.  It is likely he will
13 apply for a transfer to Canada under the US-Canadian Treaty.
14 //
15 //
16 //

---

[1] The two pilots noted in the defense pleading proffered fully and cooperated. One, Shane Menzel, told the Court he had prepared written materials for dissemination in Canada warning pilots of the dangers of flying drugs into the United States as well as the possible penalties.  The words and actions of these two pilots post-arrest contrast with those of Mr. Snow.

GOVERNMENT'S SENTENCING
RECOMMENDATION/SNOW
CR08-244 RSL - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

*The Government's Sentencing Recommendation*

1  
2   The government urges this Court to sentence Mr. Snow to 46 months of
3 confinement as recommended by both parties.  This reduction from the 60 year minimum
4 mandatory term is sufficient to sanction him for his crime, to take into account his
5 uncounted criminal history, his use of his specialized skill and the scope of the actions of
6 the conspiracy.   Further, this term has been endorsed by the defendant as the appropriate
7 time.
8   The government recommends the Court impose the maximum term of Supervised
9 Release, with the conditions suggested by the United States Probation Officer.
10   DATED this 29th day of September, 2009.

Respectfully Submitted,

JEFFREY C. SULLIVAN
United States Attorney

*s/ Susan M. Roe*
SUSAN M. ROE
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1270
Telephone:  (206) 553-7970
Facsimile:   (206) 553-4440
E-mail: susan.roe@usdoj.gov

GOVERNMENT'S SENTENCING
RECOMMENDATION/SNOW
CR08-244 RSL - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |

3    I hereby certify that on September 29, 2009 I electronically filed the foregoing with
the Clerk of the Court using the CM/ECF system which will send notification of such
filing to the attorney(s) of record for the defendant(s).  I hereby certify that I have served
the attorney(s) of record for the defendant(s) that are non CM/ECF participants via
telefax.

　　　　　　　　　　　　　　　　　*s/Karen Wolgamuth*
　　　　　　　　　　　　　　　　　KAREN WOLGAMUTH
　　　　　　　　　　　　　　　　　Paralegal
　　　　　　　　　　　　　　　　　United States Attorney's Office
　　　　　　　　　　　　　　　　　700 Stewart Street, Suite 5220
　　　　　　　　　　　　　　　　　Seattle, Washington 98101-1271
　　　　　　　　　　　　　　　　　Phone: (206) 553-5050
　　　　　　　　　　　　　　　　　FAX:   (206) 553-4440
　　　　　　　　　　　　　　　　　E-mail: karen.wolgamuth@usdoj.gov

GOVERNMENT'S SENTENCING
RECOMMENDATION/SNOW
CR08-244 RSL - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970