Chief Judge Lasnik

08-CR-00244-PET

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR08-244 RSL |
| Plaintiff, ) | |
| v. ) | GOVERNMENT'S SENTENCING RECOMMENDATION |
| LUCRETIA JAMES, ) | |
| Defendant. ) | **FILED UNDER SEAL** |

COMES NOW the United States of America, by and through Jeffrey C. Sullivan, United States Attorney for the Western District of Washington, and Susan M. Roe, Assistant United States Attorney for said District, files this pleading to assist the Court at sentencing.

The government has no objections to the facts contained in the PreSentence Report. The Presentence guideline calculations result in a guidelines range of 70 to 87 months which is lower than the range contemplated by the parties at the time of the guilty plea. Nonetheless, the government does not dispute the calculations and notes, further, that the defendant would face a ten year minimum mandatory term absent this Motion for a 5K Downward Departure based on her substantial and timely cooperation.

**THE DEFENDANT'S CRIMINAL CONDUCT**

In early 2008, a DEA special agent negotiated by telephone and blackberry device to purchase 200,000 pills of MDMA for the wholesale price of $400,000 from a group of Canadians. The agent met with co-defendant and previously-sentenced Wayne Coates at

Government's Sentencing Recommendation - Page 1
L. James/CR08-244RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1  a Tukwila restaurant on March 5, 2008, to complete the transaction. The deal was to
2  occur the following day and agents surveilled Coates much of that evening, the following
3  day and during the meeting. While being surveilled, Coates met a woman in the parking
4  lot who brought him two sports bags containing the pills. Coates was arrested before the
5  drug transaction occurred and nearly 200,000 MDMA pills were found in the bags.
6       Lucretia James was the woman who delivered the nearly 200,000 pills of MDMA
7  to Coates. The pills had just been smuggled in from Canada and she assisted by receiving
8  and delivering them to Coates while she drove south from the Border. Ms. James
9  continued her trip after the delivery to Coates and drove to the Los Angeles area where
10 she picked up a shipment of cocaine.
11      On March 8, 2008, Ms. James was stopped in California as she drove northbound,
12 in both the Central and the Eastern Districts of California, with 72 kilograms of cocaine
13 in the same car used to deliver the MDMA. Ms. James knew she possessed the cocaine,
14 intended to deliver it to another person, and knew that it was illegal to possess and to
15 distribute MDMA and cocaine.
16 **THE DEFENDANT'S POST-ARREST CONDUCT**

Government's Sentencing Recommendation - Page 2
L. James/CR08-244RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

## SENTENCING FACTORS

The Court must consider the factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances and of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.

The presumptive guidelines address similarly situated defendants who deal with similar weights of MDMA and cocaine and allowed for significant reductions based on the smaller roles, such as this "mule" role.

Ms. James lack of prior criminal convictions is reflected in her criminal history category and the presumptive range.

It is clear that Ms. James has a sad history which she has worked hard to overcome. Equally clear is that she tries very hard to care for her children. The depth of the damage inflicted on her is difficult to judge but she needs alcohol treatment,

Government's Sentencing Recommendation - Page 3
L. James/CR08-244RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE S220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

emotional help and employment skills. It is difficult to foresee Ms. James being able to offer her children a stable home unless she receives substantial and longterm support from the Court. It is unlikely that she has the tools or emotional stability to provide such a home at this time. Moreover, releasing her without assistance could lead her back into smuggling which is an easy source of good money in her impoverished area.

Similarly situated defendants - Wayne Coates, the man to whom Ms. James delivered the MDMA, received a prison term of 60 months, below his range of 78 - 90 months. Mr. Coates was **not** involved in the cocaine load. He was a young man without a criminal history. He did not proffer or receive a reduction for a safety valve proffer. On the other hand, few defendants caught with 72 kilograms of cocaine receive less than 10 years. And 10 years is an appropriate length of time to reflect the seriousness of the offense and to promote respect for the law.

**CONCLUSION**

The government has struggled with this recommendation. Ms. James' crimes were significant. She was trusted with vast amounts of drugs and, indeed, knew some of the smugglers well.

Based on the sentencing factors and her cooperation, but also considering the truly significant drugs she transported in the two legs of her trip and the sentence imposed on her co-defendant who only dealt with the MDMA, the government recommends the Court impose 36 months of imprisonment, followed by Supervised Release. She has been in custody nearly one year and should receive credit for that time. This will allow her to

Government's Sentencing Recommendation - Page 4
L. James/CR08-244RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

receive some assistance for her emotional and employment issues before the balance of her term is served in a Community Corrections Center.

DATED this 10th day of February, 2009.

Respectfully submitted,

JEFFREY C. SULLIVAN
United States Attorney

s/ Susan M. Roe
SUSAN M. ROE
Washington State Bar No. 13000
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-1077
Fax: (206) 553-4440
Email: Susan.Roe@usdoj.gov

Government's Sentencing Recommendation - Page 5
L. James/CR08-244RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s). I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telefax.

s/ Peter C. Elton
PETER C. ELTON
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone:  (206) 553-4351
Fax:     (206) 553-4440
E-mail: Peter.Elton@usdoj.gov

Government's Sentencing Recommendation - Page 6
L. James/CR08-244RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970